# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2023AP1332-D |

| | |
|---|---|
| COMPLETE TITLE: | In the Matter of Disciplinary Proceedings Against Erick R. Tyrone, Attorney at Law:<br><br>Office of Lawyer Regulation,<br>　　　　Complainant,<br>　　v.<br>Erick R. Tyrone,<br>　　　　Respondent. |

DISCIPLINARY PROCEEDINGS AGAINST TYRONE

| | |
|---|---|
| OPINION FILED: | February 27, 2024 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | |

| | |
|---|---|
| SOURCE OF APPEAL: | |
| 　COURT: | |
| 　COUNTY: | |
| 　JUDGE: | |

| | |
|---|---|
| JUSTICES: | |

Per curiam.

| | |
|---|---|
| ATTORNEYS: | |

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No. 2023AP1332-D

STATE OF WISCONSIN    :    IN SUPREME COURT

In the Matter of Disciplinary Proceedings
Against Erick R. Tyrone, Attorney at Law:

**Office of Lawyer Regulation,**

       Complainant,

  v.

**Erick R. Tyrone,**

       Respondent.

**FILED**

**FEB 27, 2024**

Samuel A. Christensen
Clerk of Supreme Court

ATTORNEY disciplinary proceeding. *Attorney's license suspended.*

¶1    PER CURIAM. The Office of Lawyer Regulation (OLR) and Attorney Erick R. Tyrone have filed a stipulation pursuant to Supreme Court Rule (SCR) 22.12,[1] that Attorney Tyrone's license to

---

[1] SCR 22.12 states:

(1) The director may file with the complaint a stipulation of the director and the respondent to the facts, conclusions of law regarding misconduct, and discipline to be imposed, together with a memorandum in support of the stipulation. The respondent may file a response to the director's memorandum within 14 days of the date of filing of the stipulation. The supreme court

practice law in this state should be suspended for a period of six months, as discipline reciprocal to that imposed by the Court of Appeals of Maryland. After reviewing the matter, we approve the stipulation and impose the stipulated reciprocal discipline. The OLR does not seek costs, and we do not impose any.

¶2 Attorney Tyrone was admitted to the practice of law in Wisconsin in 2009. He was admitted to the practice of law in Maryland in 2012 and in the District of Columbia in 2016. His Wisconsin law license has been suspended since 2012 for failure to

---

may consider the complaint and stipulation without the appointment of a referee, in which case the supreme court may approve the stipulation, reject the stipulation, or direct the parties to consider specific modifications to the stipulation.

(2) If the supreme court approves a stipulation, it shall adopt the stipulated facts and conclusions of law and impose the stipulated discipline.

(3) If the supreme court rejects a stipulation, a referee shall be appointed and the matter shall proceed as a complaint filed without a stipulation.

(3m) If the supreme court directs the parties to consider specific modifications to the stipulation, the parties may, within 20 days of the date of the order, file a revised stipulation, in which case the supreme court may approve the revised stipulation, adopt the stipulated facts and conclusions of law, and impose the stipulated discipline. If the parties do not file a revised stipulation within 20 days of the date of the order, a referee shall be appointed and the matter shall proceed as a complaint filed without a stipulation.

(4) A stipulation rejected by the supreme court has no evidentiary value and is without prejudice to the respondent's defense of the proceeding or the prosecution of the complaint.

pay State Bar dues, failure to file an OLR trust account certification certificate, and failure to comply with continuing legal education requirements. Attorney Tyrone has no prior discipline in Wisconsin.

¶3 On July 26, 2023, OLR filed a complaint alleging that on September 7, 2021, the Court of Appeals of Maryland ordered the Indefinite Suspension by Consent of Attorney Tyrone's license to practice law in Maryland, with the right to petition for reinstatement after six months. Attorney Tyrone was disciplined in Maryland for failing to represent his client competently; failing to safe-keep client funds in an attorney trust account; engaging in conduct that is prejudicial to the administration of justice; failing to comply with attorney trust account record keeping; and prohibited transaction requirements and commingling funds.

¶4 On September 30, 2022, the District of Columbia Court of Appeals filed an order suspending Attorney Tyrone's license to practice law in the District of Columbia on an interim basis. The interim suspension was based on consideration of the order of the Court of Appeals of Maryland suspending Attorney Tyrone's law license indefinitely with the right to petition for reinstatement after six months.

¶5 Count one of OLR's complaint alleged that by virtue of the Maryland disciplinary suspension, Attorney Tyrone is subject to reciprocal discipline in Wisconsin pursuant to SCR 22.22. Count two of OLR's complaint alleged that by failing to notify OLR of the Maryland disciplinary suspension within 20 days of the

3

effective date of that jurisdiction's imposition of public discipline for professional misconduct, Attorney Tyrone violated SCR 22.22(1).[2]

¶6 Under SCR 22.22(3),[3] this court shall impose the identical discipline imposed in another jurisdiction, unless one or more of three exceptions apply. In his stipulation with OLR, Attorney Tyrone states that he is not claiming any of the defenses found in SCR 22.22(3).

¶7 In the stipulation, Attorney Tyrone further represents that the stipulation was not the result of plea bargaining and that he does not contest the facts and misconduct alleged by OLR or the reciprocal discipline OLR seeks in this matter.

---

[2] SCR 22.22(1) provides: "An attorney on whom public discipline for misconduct or a license suspension for medical incapacity has been imposed by another jurisdiction shall promptly notify the director of the matter. Failure to furnish the notice within 20 days of the effective date of the order or judgment of the other jurisdiction constitutes misconduct."

[3] SCR 22.22(3) provides:

The supreme court shall impose the identical discipline or license suspension unless one or more of the following is present:

(a) The procedure in the other jurisdiction was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process.

(b) There was such an infirmity of proof establishing the misconduct or medical incapacity that the supreme court could not accept as final the conclusion in respect to the misconduct or medical incapacity.

(c) The misconduct justifies substantially different discipline in this state.

4

¶8 After reviewing this matter, we accept the stipulation and impose the identical discipline imposed by the Court of Appeals of Maryland, namely a six-month suspension of Attorney Tyrone's license to practice law in this state.

¶9 IT IS ORDERED that the license of Erick R. Tyrone to practice law in Wisconsin is suspended for a period of six months, effective the date of this order.

¶10 IT IS FURTHER ORDERED that, to the extent he has not already done so, Erick R. Tyrone shall comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.

¶11 IT IS FURTHER ORDERED that compliance with all conditions of this order is required for reinstatement. See SCR 22.29(4)(c).

¶12 IT IS FURTHER ORDERED that the administrative suspensions of Erick R. Tyrone's license to practice law in Wisconsin, due to his failure to pay bar dues, failure to file an OLR trust account certification certificate, and failure to comply with continuing legal education requirements, will remain in effect until each reason for the administrative suspensions have been rectified, pursuant to SCR 22.28(1).

1